UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-186 (DSD)
02-114 (DSD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICKIE LEE CLARK,

Defendant.

**ORDER OF DETENTION**

This matter came before the Court on February 27, 2007, for a preliminary and detention hearing on a Petition on Supervised Release alleging violations of supervised release conditions by the defendant. The defendant was present and represented by Assistant Federal Public Defender Raynaldo Aligada. The United States was represented by Assistant United States Attorney Steve Schleicher.

The defendant is alleged to have violated special conditions of his supervised release requiring him to abstain from the use of alcohol, not associate with persons under the age of 18 and to participate in sex offender treatment.

Based upon the evidence presented at the preliminary hearing, the Court concludes that probable cause exists to believe the defendant violated these special conditions of his supervised release as alleged in the Petition.

Based upon the evidence presented at the detention hearing, and on the arguments of counsel, the Court concludes that there has been no showing that any condition or combination of conditions of bond would reasonably ensure the safety of the community and the defendant's appearance in court. Accordingly, the Court will grant the government's motion for detention.

**FINDINGS OF FACT**

1. Defendant was convicted of sexual abuse of a minor and assault resulting in serious bodily injury on March 1, 2003. Defendant was sentenced to serve 45 months in prison and 3 years of supervised release. Defendant was released from prison and placed on supervised release on April 12, 2005. Defendant's term of supervised release was calculated to end on April 14, 2008.

2. The Honorable David S. Doty, United States District Judge, imposed the following special conditions of defendant's supervised release: (a) the defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages; (b) the defendant shall participate in sex offender and/or mental health treatment as approved by the probation officer and shall submit to risk assessment which may include

but is not limited to arousal screening, penile plethysmographing, and clinical polygraphing. Sex offender assessment and treatment are to be conducted by a therapist approved in advance by the probation officer; and, (c) the defendant shall not associate with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

3. United States Probation Officer Joan White, testified as follows: On January 17, 2007, Red Lake Tribal Police Officers responded to a hit and run in Redby, Minnesota. The driver of one vehicle involved in the incident was a 16 year old female. The defendant was present in the vehicle with the 16 year old female. The defendant did not have permission to associate with this person.

4. On January 18, 2007, Red Lake Tribal Police Officers stopped a vehicle driven by Darilyn Jones in Redby, Minnesota. Ms. Jones has blood on her shirt and jacket sleeve and advised the Red Lake Police that the defendant had hit her in the face and choked her. Officers went to a residence in Redby to interview defendant regarding this incident. The defendant had blood on his hand and appeared intoxicated.

5. On February 10, 2007, Red Lake police Officers interviewed a female victim regarding an assault. The female victim told the officers that she had been assaulted at the

defendant's residence by a juvenile female. Red Lake Police Officers went to the defendant's residence to interview the suspect. The defendant was present in the residence with three juvenile females. Two of the females were 14 years of age and one was 16 years of age. Defendant did not have permission to associate with any of these minor females. Probation Officer White testified that one of the Red Lake Police Officers informed her that the defendant appeared to be under the influence of alcohol.

6. On February 16, 2007, Red Lake Police officers stopped a vehicle driven by the defendant. Three females were present in the vehicle with the defendant, ages 16, 17 and 19. The defendant did not have permission to associate with the females who were under the age of 18.

7. The defendant was ordered to participate in sex offender treatment at Upper Mississippi Mental Health in Bemidji, Minnesota. Treatment was to begin on October 16, 2006. The defendant told his probation officer that he was attending as required. Probation Officer White contacted the Upper Mississippi Mental Health treatment facility and was informed that the defendant has failed to attend any sessions.

8. The Court finds probable cause to believe that the defendant knowingly and intentionally violated the special conditions of his probation that he abstained from alcohol, not

associate with persons under the age of 18 without permission, and participate in sex offender treatment.

9. The defendant's failure to attend sex offender treatment as ordered, along with his frequent association with minor children contrary to his conditions of supervised release convinces this Court that the defendant presents a danger to the community.

**DISCUSSION**

The Court may revoke a term of supervised release and request a defendant to serve in prison all or part of the term of supervised release authorized by statute of the offense if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). A person subject to revocation proceedings for violation of conditions of supervised release may be released or detained pursuant to the standards set forth in 18 U.S.C. § 3143(a). See F.R.Crim. Proc. 32.1(a)(6). The burden of establishing that the defendant will not flee or pose a danger to any person or to the community is on the defendant and the Court must find by clear and convincing evidence that the person is not likely to flee or pose a danger if released.

The Court finds that detention of the defendant is justified. There has been an insufficient showing of facts to establish by clear and convincing evidence that the defendant would not be likely to flee or pose a danger if released. Further, The Court finds by clear and convincing evidence that the defendant would present a danger to the community if released.

**CONCLUSION**

Based upon the evidence presented, the Court concludes that no condition or combination of conditions of bond will

reasonably ensure the safety of the community and the defendant's appearance in court. Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant is bound over for a final hearing on the Petition on Supervised Release currently scheduled for March 23, 2007 at 8:45 a.m. before the Honorable David S. Doty;

2. The motion of the United States for detention of defendant is granted;

3. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences of being held in custody pending trial;

4. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

5. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: March 6, 2007

s/ Arthur J. Boylan
The Honorable Arthur J. Boylan
United States Magistrate Judge